## GYPSY OIL CO. v. OKLAHOMA TAX COMMISSION et al.

No. 27499.   April 6, 1937.

James B. Diggs, William C. Liedtke, Rus-

sell G. Lowe, Redmond S. Cole, C. L. Billings, and James B. Diggs, Jr., for plaintiff in error.

C. D. Cund, C. W. King, and A. L. Herr, for defendants in error.

HURST, J.   This is an action by the plaintiff, Gypsy Oil Company, to recover gross production taxes paid by it, under protest, on its seven-eighths working interest in oil produced by it from five restricted homestead allotments of Seminole Indians. The oil on which the taxes were paid was produced in November and December, 1931, and January, 1932, under departmental leases acquired by the plaintiff prior to May 20, 1928. The plaintiff urges but one proposition here, and that is that the Act of Congress approved May 20, 1928, section 3 (45 St. L. 495), and the Act of Congress of February 14, 1931 (46 St. L. 1108, 1109), which authorize the state to levy such tax, violate the Fifth and Fourteenth Amendments to the Federal Constitution, in that they violate the Seminole Original Agreement (30 Stat. 567), under which said lands are "inalienable and nontaxable as a homestead in perpetuity."

The plaintiff admits in its brief that the decision in Carter Oil Co. v. Oklahoma Tax Commission (1933) 166 Okla. 1, 25 P. (2d) 1092, decides the question contrary to its contention, and unless that case is overruled, it is not entitled to prevail. We have carefully considered the able argument contained in the brief of the plaintiff, but are unable to agree with it that we should depart from the decision in said case.

The judgment of the trial court, holding that the petition of the plaintiff did not state a cause of action for recovery of the taxes paid, is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and GIBSON, JJ., concur.